Rachel Dollar, SBN 199977
Sherrill A. Oates, SBN 213763
SMITH DOLLAR PC
Attorneys at Law
404 Mendocino Avenue, Second Floor
Santa Rosa, California 95401
Telephone: (707) 522-1100
Facsimile: (707) 522-1101

Attorneys for Defendants Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc. and Power Default Services, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL D. ELLSWORTH and ROBIN ELLSWORTH,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., a business entity form unknown and POWER DEFAULT SERVICES, INC., a business entity form unknown and DOES 1-100, inclusive,<br><br>    Defendants. | CASE NO.:  SACV12-1499 AG (MLGX)<br><br>**ANSWER TO COMPLAINT**<br><br>**REQUEST FOR JURY TRIAL**<br><br>Judge: Andrew Guilford<br><br>Complaint Filed: August 2, 2012<br>Trial Date:         N/A |

Homeward Residential, Inc., f/k/a American Home Mortgage Servicing, Inc. ("Homeward") and Power Default Services, Inc. ("Power") (together "Defendants") hereby answer the Complaint filed by Samuel and Robin Ellsworth ("Plaintiffs") as follows:

1.   Defendants admit the allegations on ¶ 1 of the Complaint that Plaintiffs have sued them alleging that Defendants violated Civil Code §2923.5, Business and Professions Code § 17200 and accounting. Defendants deny the remaining allegations against them, as neither is a bank.

2.   Defendants are without sufficient information or belief to admit or deny

252809
- 1 -
**ANSWER TO COMPLAINT**

1. the allegations of ¶2 of the Complaint, and thereby deny ¶2.

2. 3. Defendants are without sufficient information or belief to admit or deny the allegations of ¶3 of the Complaint, and thereby deny ¶3.

3. 4. Defendants are without sufficient information or belief to admit or deny the allegations of ¶4 of the Complaint, and thereby deny ¶4.

4. 5. Defendants are without sufficient information or belief to admit or deny the allegations of ¶5 of the Complaint and thereby deny ¶ 5.

5. 6. Defendants admit the allegations in ¶ 6 of the Complaint.

6. 7. Defendants admit the allegations in ¶ 7 of the Complaint.

7. 8. Defendants are without sufficient information or belief to admit or deny the allegations of ¶8 of the Complaint, and thereby deny ¶8.

8. 9. Defendants admit that Power is an agent of Homeward as alleged in ¶ 9 of the Complaint. However, to the extent that the statement "doing the actions mentioned below" refers to any allegations of unlawful, improper, or otherwise wrongful conduct on the part of Defendants, the allegations are denied.

9. 10. Defendants are without sufficient information or belief to admit or deny the allegations of ¶10 of the Complaint, and thereby deny ¶10.

10. 11. Defendants are without sufficient information or belief to admit or deny the allegations of ¶11 of the Complaint, and thereby deny ¶11.

11. 12. Defendants admit that the events alleged in the Complaint at ¶12 occurred in Orange County, California, but deny that the Superior Court for the State of California, County of Orange is the correct Court because Defendants have removed the Action to this Court based upon diversity of citizenship.

12. 13. Defendants admit that the United States District Court for the Central District of California has subject matter jurisdiction over the matters alleged in the Complaint as alleged in ¶13 of the Complaint.

13. 14. Defendants admit that the Court has personal jurisdiction over Defendants because they are incorporated in Delaware and their principal place of



1  business and nerve center is in Texas, and Plaintiffs reside in Orange County,
2  California as alleged in ¶14.  Defendants deny that they reside in, are incorporated in,
3  or have their main place of business in the State of California as alleged in ¶14.

4      15.    Defendants admit that this Court is the proper venue for the Action and
5  deny that the Superior Court of the State of California, County of Orange is the
6  proper venue for the Action because the Action has been removed to this Court.

7      16.    Defendants admit that a Notice of Default ("NOD") was recorded on
8  April 16, 2012 against the Property owned by Plaintiffs as alleged in ¶16 of the
9  Complaint.  Defendants deny that the NOD was flawed in any way.

10      17.    Defendants deny the allegations in ¶17 of the Complaint.
11      18.    Defendants deny the allegations in ¶18 of the Complaint.
12      19.    Defendants deny the allegations in ¶19 of the Complaint.
13      20.    Defendants deny the allegations in ¶20 of the Complaint.
14      21.    Defendants deny the allegations of ¶21 of the Complaint.

15      22.    Defendants are without sufficient information or belief to admit or deny
16  the allegations of ¶22 of the Complaint, and thereby deny ¶22.

17      23.    Defendants incorporate their responses to paragraphs 1-22 as though
18  fully set forth herein.

19      24.    Defendants admit that a declaration of due diligence was attached to the
20  recorded NOD as alleged in ¶ 24.  Defendants deny that they did not comply with the
21  provisions of Civil Code § 2923.5.

22      25.    Defendants admit that due diligence provisions are set forth in section
23  2923.5(g) as alleged in ¶25. Defendants deny the remaining allegations of ¶25 of the
24  Complaint.

25      26.    Defendants admit that Civil Code section 2923.5(g) sets forth the
26  contact procedures, and that it complied with those procedures as alleged in ¶ 26.
27  Defendants deny the remaining allegations in ¶ 26.

28      27.    Defendants admit that Civil Code section 2923.5(g) sets forth the

contact procedures and that Defendants complied with them and stated such on the declaration recorded with the NOD as alleged in ¶ 27 of the Complaint. Defendants deny the remaining allegations in ¶27 of the Complaint.

28. Defendants deny the allegations of ¶ 28 of the Complaint.

29. Defendants deny the allegations of ¶29 of the Complaint.

30. Defendants incorporate their responses to paragraphs 1-29 as though fully set forth herein.

31. Defendants deny that the Superior Court for the State of California, County of Orange has jurisdiction over this matter. Defendants admit that jurisdiction is appropriate in the United States District Court for the Central District of California because Defendants removed the Action to this court based upon diversity of citizenship.

32. Defendants deny the allegations of ¶32 of the Complaint.

33. Defendants admit that a NOD was recorded on April 16, 2012, and that the recorded NOD included a declaration of due diligence with it. Defendants deny the remaining allegations in ¶33 of the Complaint.

34. Defendants deny the allegations of ¶34 of the Complaint.

35. Defendants deny the allegations of ¶35 of the Complaint.

36. Defendants deny the allegations of ¶36 of the Complaint.

37. Defendants deny the allegations of ¶37 of the Complaint.

38. Defendants deny the allegations of ¶ 38 of the Complaint.

39. Defendants deny the allegations of ¶39 of the Complaint.

40. Defendants deny that any of their conduct has been unlawful as alleged in ¶ 40 of the Complaint. Defendants deny the remaining allegations of ¶40 of the Complaint.

41. Defendants can neither admit nor deny the statements made in ¶ 41 of the Complaint.

42. Defendants incorporate their responses to all allegations above as though

1  fully set forth herein.

2      43.    Defendants deny that Power is a creditor or mortgage servicer as set forth in ¶43 of the Complaint. Defendants deny that any duty was owed to Plaintiffs.

    44.    Defendants admit that Plaintiffs have made some payments on the mortgage as alleged in ¶44 of the Complaint. Defendants deny the remaining allegations in ¶44 of the Complaint.

    45.    Defendants deny the allegations in ¶45 of the Complaint.

    46.    Defendants deny the allegations in ¶ 46 of the Complaint.

### First Affirmative Defense

    47.    The Complaint fails to state a cause of action against these Defendants.

### Second Affirmative Defense

    48.    Defendants' acts as alleged in the Complaint were privileged.

### Third Affirmative Defense

    49.    Plaintiffs have already received one loan modification which they defaulted upon.

### Fourth Affirmative Defense

    50.    Plaintiffs' failure to make their mortgage payments is the reason for their damages.

### Fifth Affirmative Defense

    51.    Plaintiffs are estopped from making the claims alleged in the Complaint.

### Sixth Affirmative Defense

    52.    Defendants' acts alleged in the Complaint were justified.

### Seventh Affirmative Defense

    53.    Defendants' acts were excused by Plaintiffs' breach of contract.

### Eighth Affirmative Defense

    54.    Defendants complied with the provisions of Civil Code Section 2923.5 prior to recording the NOD.



### Ninth Affirmative Defense

55. Defendants applied all of Plaintiffs' payments it received in accordance with the Deed of Trust and Note executed by Plaintiffs.

### Tenth Affirmative Defense

56. Defendants have unreasonably delayed in bringing this action to the prejudice of these answering Defendants and are therefore barred from bringing this action pursuant to the Doctrine of Laches.

### Eleventh Affirmative Defense

57. Defendants are informed and believe and on the basis of such information and belief allege that the injuries and damages of Plaintiffs, in this action, if any, were caused by or contributed to by defendants, other than these answering Defendants, and/or by other parties unknown, acting without authority from these Defendants and not from any negligence, fault or breach of duty owed by these Defendants.

### Twelfth Affirmative Defense

58. That Plaintiffs' injuries, if any, were unforeseeable to these answering Defendants.

### Thirteenth Affirmative Defense

59. That Plaintiffs directed, ordered, approved and/or ratified the conduct set forth within their TAC and are therefore estopped from asserting any claims based thereon.

### Fourteenth Affirmative Defense

60. That Plaintiffs were careless and negligent in and about the matters alleged in the TAC, and alleged causes of action therein, and that said carelessness and negligence contributed to their alleged damages, if any. Plaintiffs' contributory negligence shall reduce any and all damages sustained by Plaintiffs, if any such damages exist. Further, in the event that Plaintiffs should recover an award in this case, the same should be reduced proportionately by the percentage of negligence contributed to by the Plaintiffs as a proximate cause of the damages alleged.

### Fifteenth Affirmative Defense

61. That the damages, if any, sustained by Plaintiffs are the direct result of Plaintiffs' sole fault and negligence, thereby barring Plaintiffs' claim completely.

### Sixteenth Affirmative Defense

62. That Defendants offered Plaintiffs a loan modification which they accepted, but then failed to perform under.

### Seventeenth Affirmative Defense

63. That the recording of foreclosure-related documents is privileged.

### Eighteenth Affirmative Defense

64. These answering Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. These answering Defendants reserve the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, these answering Defendants pray judgment as follows:

1. That Plaintiffs take nothing by way of their FAC;

2. That Defendants recover from Plaintiffs their costs, including reasonable attorney's fees; and

3. That the Court order such other and further relief as it may deem proper.

Dated: September 14, 2012

SMITH DOLLAR PC

/s/ Sherrill A. Oates

By _____
Sherrill A. Oates
Attorneys for Defendants Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc. and Power Default Services, Inc.



252809

- 7 -
**ANSWER TO COMPLAINT**