Rachel Dollar, SBN 199977
Sherrill A. Oates, SBN 213763
SMITH DOLLAR PC
Attorneys at Law
404 Mendocino Avenue, Second Floor
Santa Rosa, California 95401
Telephone: (707) 522-1100
Facsimile: (707) 522-1101

Attorneys for Defendants Homeward Residential, Inc. formerly known as American Home Mortgage Servicing, Inc.; and Power Default Services, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL D. ELLSWORTH and ROBIN ELLSWORTH,<br><br>  Plaintiffs,<br><br>v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., a business entity form unknown and POWER DEFAULT SERVICES, INC., a business entity form unknown and DOES 1-100, inclusive<br><br>  Defendants. | CASE NO: SACV12-1499 AG (MLGx)<br><br>NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[PROPOSED] STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF CINDI ELLIS; DECLARATION OF ANTONIO L. CORTÉS; AND (PROPOSED) ORDER FILED CONCURRENTLY HEREWITH]<br><br>Date: June 3, 2013<br>Time: 10:00 a.m.<br>Dept: 10D<br><br>Judge: Honorable Andrew J. Guilford<br><br>Complaint Filed: August 2, 2012<br>Trial Date: N/A |



**TO THE HONORABLE ANDREW J. GUILFORD, UNITED STATES DISTRICT COURT JUDGE, PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on June 3, 2013, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 10A of the above entitled Court, located at 411 West Fourth Street, Santa Ana, CA 92701, the Honorable Andrew J. Guilford, United States District Court Judge presiding, Defendants Homeward Residential, Inc. formerly known as American Home Mortgage Servicing, Inc. ("Homeward") and Power Default Services, Inc. ("Power") (together "Defendants") will and hereby do, move this Court for an Order for Summary Judgment or, in the alternative, Partial Summary Judgment, in favor of Defendants and against Samuel and Robin Ellsworth's ("Plaintiffs") Complaint filed in Case No. SACV 12-1499. This Motion is brought pursuant to Federal Rules of Civil Procedure section 56, and United States Court for the Central District of California Local Rule 56-1:

1. For an Order adjudicating that there is no merit to Plaintiffs' first claim for violation of Civil Code section 2923.5 in the Complaint and that the final judgment in this action shall, in addition to any matters determined at trial, award judgment as established by such adjudication.

2. For an Order adjudicating that there is no merit to Plaintiffs' second claim for violation of Business and Professions Code section 17200 in the Complaint and that the final judgment in this action shall, in addition to any matters determined at trial, award judgment as established by such adjudication.

3. For an Order adjudicating that there is no merit to Plaintiffs' third claim for an accounting in the Complaint and that the final judgment in this action shall, in addition to any matters determined at trial, award judgment as established by such adjudication.

This Motion is based upon this Notice, Motion and Memorandum of Points and Authorities; the [Proposed] Statement of Uncontroverted Material Facts and



1 Conclusions of Law, Request for Judicial Notice, Declaration of Antonio L. Cortés
2 and Declaration of Cindi Ellis filed concurrently herewith; the pleadings and papers
3 on file in this action; and such further oral and documentary evidence as may be
4 presented at the hearing on this Motion.
5     This Motion is made following the conference of counsel pursuant to Local
6 Rule 7-3, which took place on March 6, 2013.

8 Dated: April 11, 2013                Respectfully submitted,

10                                    SMITH DOLLAR PC

11                                    /s/ Sherrill A. Oates

12                          By_____
                                 Sherrill A. Oates
13                                  Attorneys for Defendants Homeward
                                 Residential, Inc. formerly known as
14                                  American Home Mortgage Servicing, Inc.
                                 and Power Default Services, Inc.



# TABLE OF CONTENTS

I. SUMMARY OF THE ARGUMENT ................................................................................ 1

II. STATEMENT OF THE FACTS ..................................................................................... 1

III. ARGUMENT ................................................................................................................... 3

    A. STANDARD ON MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ................................................................. 3

    B. REQUEST FOR JUDICIAL NOTICE ................................................................. 3

    C. SUMMARY JUDGMENT IN FULL OR IN PART IS APPROPRIATE AS TO PLAINTIFFS' AFFIRMATIVE CLAIMS. .................... 4

        1. HOMEWARD DID NOT VIOLATE CIVIL CODE § 2923.5 .................. 4

        2. PLAINTIFFS LACK ADMISSIBLE EVIDENCE TO PROVE A VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, ET. SEQ. AND THEY LACK STANDING TO ASSERT THE CLAIM ........................... 8

        3. PLAINTIFFS ARE NOT ENTITLED TO AN ACCOUNTING ............................................................................................. 10

    D. SUMMARY JUDGMENT IN FULL OR IN PART IS APPROPRIATE AS TO DEFENDANTS' AFFIRMATIVE DEFENSES: THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION AS TO THESE DEFENDANTS. .......................................................... 11

IV. CONCLUSION .............................................................................................................. 12



# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242 (1986) ...................................................................3
*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)..............................................................................3
*Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006)............................................4
*Ford v. Lehman Bros. Bank, FSB*, 2012 U.S. Dist. LEXIS 85600, * 46 (N.D. Cal. June 20, 2012) .................................................................................................................9, 10
*Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010). ..........................................................7, 9
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ..................................11
*Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal. App. 4th 1250 (2012) .................................8
*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006) ..................................4
*Shurkin v. Golden State Vintners, Inc.*, 2005 U.S. Dist. LEXIS 39301, 2005 WL 1926620, at *7 (N.D. Cal. Aug. 10, 2005) ........................................................................4
*Slade v. Baca*, 70 Fed. Appx. 446 (9th Cir. Cal. 2003).................................................................11
*Wilcox v. EMC Mortg. Corp.*, 2011 U.S. Dist. LEXIS 82128, * 1 (C.D. Cal. July 25, 2011)............................................................................................................................9

## STATUTES

Cal. Bus. & Prof. Code § 17200.......................................................................................................8
Cal. Civ. Code § 2923.5 ........................................................................................................*passim*
Cal. Civ. Code § 2923.5(a)(1) ....................................................................................................5, 7
Cal. Civ. Code § 2923.5(a)(2) .........................................................................................................4
Civil Code section 2923.5(g)...........................................................................................................5
Cal. Civ. Code § 2923.5(g)(1) ........................................................................................................5
Cal. Civ. Code § 2923.5(g)(2)(A) ................................................................................................5, 6
Cal. Civ. Code § 2923.5(g)(3).....................................................................................................6, 7
Cal. Civ. Code § 2923.5(g)(4).........................................................................................................7
Cal. Civ. Code § 2923.5 (g)(5).......................................................................................................7
Fed. R. Civ. P. § 2923.5(g)(1).........................................................................................................3
Fed. R. Civ. P. § 56(e).....................................................................................................................3
Fed. R. Evid. § 201(b) ....................................................................................................................4



Defendants Homeward Residential, Inc. formerly known as American Home Mortgage Servicing, Inc. ("Homeward") and Power Default Services, Inc. ("Power") (together "Defendants") respectfully submit the following points and authorities in support of their Motion for Summary Judgment or, in the alternative, Summary Adjudication ("Motion").

## I. SUMMARY OF THE ARGUMENT

This entire Action revolves around Defendants' attempted collection activities prior to Defendants' recording of a Notice of Default on April 16, 2012 (the "2012 NOD"). Homeward already modified Plaintiffs' loan once in 2009, but Plaintiffs continue to seek a better deal. Based upon Plaintiffs' factually devoid claim that Homeward failed to contact them as required by Civil Code section 2923.5, Plaintiffs have sued Defendants, alleging a claim under Civil Code section 2923.5, Business and Professions Code section 17200 and for an accounting.

Defendants will show that Homeward meticulously and repeatedly tried to contact Plaintiffs prior to recording the 2012 NOD, and that Plaintiffs are merely seeking a better deal for themselves by trying to litigate a further loan modification out of Defendants. Plaintiffs' claims are completely meritless, and they cannot produce one piece of evidence, other than their own self-serving and undocumented denials, showing that they are not in default, or that Homeward failed to comply with any portion of Civil Code § 2923.5 as it stood in April 2012, when the 2012 NOD was recorded.

## II. STATEMENT OF THE FACTS

The focus of this Motion is narrow and concerns collection activities that occurred on Plaintiffs' delinquent loan starting with their loan modification in 2009, to their subsequent default on that loan modification, and ending with the recording of the 2012 NOD on April 16, 2012.

Plaintiff Samuel Ellsworth is a Senior Vice President of New American Funding, a mortgage lender based out of Tustin, California. [Proposed Statement of



1  Uncontroverted Material Facts and Conclusions of Law "UMF"] 27.  Plaintiff
2  estimates his current gross *monthly* income at "upwards of 60 maybe $70,000 a
3  month," yet Plaintiffs have not made a mortgage payment since early 2012.  UMF 28.
4      In 2007, Plaintiffs received a loan in the amount of $1,500,000, secured with a
5  promissory note ("Note") and a deed of trust ("DOT") (together the Note and DOT
6  will be referred to as the "Loan") encumbering their property located at 1702 La
7  Loma Drive, Lemon Heights, California. UMF 1.
8      Plaintiffs Loan was modified in 2009 at their request. UMF 3.  Plaintiffs again
9  defaulted on their modified payments and Homeward began trying to contact them by
10 telephone and letter regarding the delinquent Loan.  UMF 4.  Homeward attempted to
11 contact Plaintiffs at their home, business and cell numbers at least twelve times in
12 November and December 2011 and January 2012, and left messages for Plaintiffs to
13 call back.  UMF 10-14.
14     Homeward sent Plaintiffs letters by first class mail in November and
15 December 2010.  UMF 15.  Homeward also sent Plaintiffs letters regarding their
16 Loan and options that may help them to avoid foreclosure in January and February
17 2012. UMF 16.
18     Plaintiffs remained in default on their modified loan obligation and 2012 NOD
19 was recorded on April 16, 2012.  UMF 17.  At the time the April 2012 NOD was
20 recorded, Plaintiffs were $40, 791.12 in default and had not made a payment since
21 January  2012. RJN Ex. 2.
22     Plaintiffs commenced their Action against Defendants by filing a Complaint in
23 Orange County Superior Court on August 2, 2012.  UMF 24.  Defendants removed
24 the case to the United States District Court for the Central District of California,
25 Orange County Division on September 7, 2012. UMF 25. Defendants filed their
26 Answer to Plaintiffs' Complaint on September 14, 2011. UMF 26.
27     Plaintiffs dispute that Homeward followed the contact provisions of Civil Code
28 § 2923.5, and claim that Homeward never contacted them about their default.  UMF



24 [Complaint ¶¶ 16, 17]. The entire case is based upon Plaintiffs' untrue allegations that Homeward failed to follow the Civil Code before recording the 2012 NOD. As Homeward will abundantly demonstrate, Plaintiffs are incorrect – Homeward tried to contact them regarding the delinquent Loan, but never was able to work out any arrangements with Plaintiffs to cure their default after their loan was modified and they again defaulted. Homeward has done nothing wrong, and its Motion for Summary Judgment should be granted and this case dismissed with prejudice.

### III.  ARGUMENT

**A.   Standard on Motion for Summary Judgment or Partial Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment must be supported by "facts as would be admissible in evidence." Fed. R. Civ. P. 56(e). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to designate "specific facts showing there is a genuine issue for trial." *Id.* at 323. On summary judgment, the court draws all reasonable factual inferences in favor of the non-movant. *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 255 (1986).

**B.   Request for Judicial Notice**

Defendants request that the Court take judicial notice of matters of public record and/or directly referenced in Plaintiff's complaint. The standard for judicial notice is set forth in Rule 201 of the Federal Rules of Evidence, which allows a court to take judicial notice of a fact not subject to "reasonable dispute," either because it is

"generally known within the territorial jurisdiction of the trial court" or it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "may take judicial notice of filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Courts may also take judicial notice of documents referenced in the complaint. *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Shurkin v. Golden State Vintners, Inc.*, 2005 U.S. Dist. LEXIS 39301, 2005 WL 1926620, at *7 (N.D. Cal. Aug. 10, 2005) ("Exhibit F . . . is explicitly referenced in Plaintiff's Complaint, and should, therefore, be judicially noticed.").

C. **Summary Judgment in Full or in Part is Appropriate as to Plaintiffs' Affirmative Claims.**

    1. **Homeward Did Not Violate Civil Code § 2923.5**

Plaintiffs' whole case is based upon their allegations that Homeward violated Civil Code § 2923.5 after their Loan was modified in 2009. As Homeward will demonstrate, it tried and tried to contact Plaintiffs. Homeward's representatives were hung-up on, sometimes spoken to, but mostly ignored.

Homeward tried to contact Plaintiffs many times after they defaulted on their modified Loan payments. UMF 7. The date the calls were made, letters were sent, and the contemporaneous notes made by the collector are recorded in a log called the "Consolidated Notes Log" (the "Log"). Between December 31, 2010 and March 16, 2012, Homeward made no less than 100 collection calls to Plaintiffs' home, cell and business numbers which Homeward had on file. UMF 7.

The law at that time required Homeward "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."[1] To that end, Homeward tried to contact

---

[1] Civil Code section 2923.5(a)(2) (Enacted 2009). The law was amended by the Homeowner Bill of Rights, which became effective as of January 1, 2013.



4

MOTION FOR SUMMARY JUDGMENT; POINTS AND AUTHORITIES
CASE NO: SACV12-1499 AG (MLGX)

1  Plaintiffs about their post-modification default, starting in 2010.  UMF 7.  In fact,
2  between December 31, 2010 and December 31, 2011, Homeward placed no less than
3  50 calls to Plaintiffs' home number.  UMF 7.  In addition, Homeward also called
4  Plaintiffs' cell phone and business number several times.  *Id.*  Homeward complied
5  with the "initial contact" attempt requirement of Civil Code § 2923.5(a)(1).

6  If no successful contact was made, the law required the exercise of "due
7  diligence" in trying to contact the borrower regarding a defaulted loan, prior to
8  recording a NOD.[2]  The first step in the "due diligence" process required Homeward
9  to send Plaintiffs a "first-class letter that includes the toll-free telephone number
10 made available by HUD to find a HUD-certified housing counselling agency."[3]  In
11 November and December 2010, Homeward sent Plaintiffs letters by regular mail.
12 UMF 15. Homeward's letters to Plaintiffs included HUD's contact information.
13 UMF 15. Plaintiff Robin Ellsworth admits that the Ellsworths did not open their mail
14 and that they left it in a pile, unopened.  UMF 19. Plaintiffs have no evidence at all
15 that Homeward (then AHMSI) failed to send them the letters required by Civil Code
16 § 2923.5(g)(1) by First Class Mail.

17 The second step in the "due diligence" process requires the servicer to "attempt
18 to contact the borrower by telephone at least three times at different hours and on
19 different days . . . to the primary telephone number on file."[4]

20 Plaintiffs dispute the accuracy of the NOD recorded by Homeward with the
21 declaration regarding due diligence performed by Homeward prior to recording the
22 NOD.  That declaration states that Homeward called Plaintiffs on January 17, 2012 at
23 2:37 pm; January 18, 2012 at 11:09 am; and January 19, at 3:50 pm. UMF 17.
24 Plaintiffs have no evidence that Homeward did not place those calls at those times, as
25 declared in the NOD declaration of due diligence.

---

[2] Civil Code section 2923.5(g)(Enacted 2009).

[3] Civil Code section 2923.5(g)(1).

[4] Civil Code section 2923.5(g)(2)(A)(Enacted 2009).

Between January 16, 2012 and February 7, 2012, Homeward's Log reflects Homeward's attempts to contact Plaintiffs at their home number on the following days:

- January 17, 2012 – three times and a message was left the third time;
- January 18, 2012 -  three times and a message was left the third time;
- January 19, 2012 – once—the fax machine picked up the line;
- January 20, 2012 – twice and a message was left the second time;
- January 24, 2012 – once;
- January 25, 2012 – once and a message was left;
- January 28, 2012 – once;
- January 30, 2012 – twice;
- January 31, 2012 – once;
- February 1, 2012 – once and a message was left;
- February 4, 2012 -  three times and a message was left the third time;

UMF 7.

Although the time of the various calls was not recorded on the Log, assuming that each of the calls was made at the same time each day, Homeward still called Plaintiffs home number at least three different times on at least five different days because multiple calls were placed on those five days.  If each call was placed at the same time each day, technical compliance with the statute would be established with the first call on January 17, 2012; the second call on January 20, 2012; and the third call on January 18, 2012.  Moreover, Homeward tried to contact Plaintiffs on at least eleven different days in January and February 2012 alone, substantially more times than the statute required.  Homeward complied with Civil Code § 2923.5(g)(2)(A) as the statute read in early 2012.

The third step in the due diligence process required the servicer to wait two weeks after trying to contact the borrower by telephone, and if the borrower failed to respond, then send the borrower a certified letter.[5]  The statute failed to specify what information is required to be contained in the certified letter.  Homeward's records reflect that that a certified letter was sent to the Plaintiffs on February 7, 2012, more

---

[5] Civil Code section 2923.5(g)(3)(Enacted 2009).



1  than two weeks after Homeward's many attempts to contact Plaintiffs by phone.
2  UMF 16.  Plaintiffs have no evidence that Homeward failed to send them the letter
3  by certified mail.  Homeward complied with the requirement of Civil Code §
4  2923.5(g)(3).  The NOD was recorded on April 16, 2012, more than 30 days later.
5  Thus Homeward complied with the mandate of Civil Code § 2923.5(a)(1).

6        The statute required that Homeward "provide a means for the borrower to
7  contact it in a timely manner, including a toll-free telephone number" that provides
8  access to live representatives during business hours.[6]  Homeward provides its
9  customers with the toll-free number both in correspondence with its customers and to
10 visitors to its website.  UMF 21, 22.

11       The final steps in the "due diligence" process concern Homeward's internet
12 presence. Homeward's website contains the following prominent link: "Possible
13 Solutions," which link, when clicked, contains a list of financial documents
14 borrowers should collect and be prepared to present to the mortgagee, beneficiary, or
15 authorized agent when discussing options for avoiding foreclosure.[7]  UMF 22.
16 Homeward's website also contains HUD's toll-free telephone number.  *Id.*

17       Finally, Plaintiff Robin Ellsworth admits that she, or an agent working on her
18 behalf, was in contact with Homeward to try to arrange a short sale, which is one
19 way Plaintiffs could have avoided foreclosure.  UMF 6.  Moreover, since this Action
20 has been pending, Plaintiffs have submitted two separate loan modification packages.
21 UMF 18.  At the time of the acts alleged in the Complaint, all Civil Code § 2923.5
22 required was "more time and only more time" for the Plaintiffs to be considered for
23 foreclosure-avoidance options.  *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 231
24 (2010).  Even if Plaintiffs were correct that Homeward did not attempt to contact
25 them prior to recording the NOD, that defect has been corrected first, by Robin
26 Ellsworth's (or her agent's) contact with Homeward regarding a short sale, and

---

27 [6] Civil Code section 2923.5(g)(4) (Enacted 2009).
28 [7] Civil Code section 2923.5 (g)(5) (Enacted 2009).



7
MOTION FOR SUMMARY JUDGMENT; POINTS AND AUTHORITIES
CASE NO: SACV12-1499 AG (MLGX)

second, by Plaintiffs' submission of two separate modification requests since this Action has been pending. UMF 6, 18.

Plaintiffs have no admissible evidence that Homeward failed to take any actions as required by Civil Code § 2923.5 as it stood in April 2012 when the 2012 NOD was recorded. Therefore, since all of Plaintiffs' claims are based upon a demonstrably false allegation that Homeward failed to comply with Civil Code § 2923.5, Defendants' Motion for Summary Judgment should be granted in full.

**2. Plaintiffs Lack Admissible Evidence to Prove a Violation of Business and Professions Code Section 17200, et. seq. and they Lack Standing to Assert the Claim**

California's Unfair Competition Law ("UCL"), Business and Professions Code section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." Bus. & Prof. Code section 17200. Plaintiffs claim that Defendants' alleged failure to comply with the provisions of Civil Code section 2923.5 and 2923.6 constitutes a violation of the UCL. UMF 24 [Complaint ¶¶ 32, 37].

As detailed above at C. 1, Defendant Homeward meticulously documented all of its many attempts to contact Plaintiffs by telephone and mail. Defendants complied with the mandates of Civil Code § 2923.5. Defendants have demonstrated their compliance with Civil Code § 2923.5, thus no UCL claim can be based on Plaintiffs unsubstantiated allegation that it was violated.

Section 2923.6 does not provide a private right of action. Plaintiffs "have no private right of action under Civil Code section 2923.6, and this statute does not require loan servicers to modify loans." *Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal. App. 4th 1250, 1282 (2012). Plaintiffs' claim that Civil Code section 2923.6 was violated cannot be the basis for their UCL claim both because there is no private right of action created by the statute and because Defendants have not violated it.

Plaintiffs also claim that the declaration attached to the recorded NOD was deficient because it "is silent as to whether the declarant, [ ] had foundational

knowledge of the facts alleged in the declaration." UMF 24 [Complaint ¶ 34]. California Appellate Courts have recognized that the declaration required under section 2923.5 need not be under penalty of perjury, nor does it require the usual foundational requirements of an evidentiary declaration required for use in court. Moreover, "[t]he way section 2923.5 is set up, too many people are necessarily involved in the process for any one person to likely be in the position where he or she could swear that all three requirements of the declaration required by subdivision (b) were met." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 233 (2010). Attaching the declaration to the 2012 NOD was not a violation of the UCL.

In addition, Plaintiffs lack standing to make a claim under the UCL. "Plaintiffs must now demonstrate that they 'suffered injury in fact and [have] lost money or property as a result of the unfair competition.'" An absence of facts describing the money or property allegedly lost is fatal to a plaintiff's UCL claim. *Ford v. Lehman Bros. Bank, FSB*, 2012 U.S. Dist. LEXIS 85600, *25 (N.D. Cal. June 20, 2012)(internal citations omitted).

All the Complaint states about Plaintiffs' standing is that Defendants' conduct cost them "lost equity in their home and [they] may lose their home through foreclosure." UMF 24 [Complaint ¶ 40]. Any lost equity is not the fault of any Defendant; a loss in equity was caused by the widely recognized financial crisis that continues to affect the housing market even now. *See e.g., Wilcox v. EMC Mortg. Corp.*, 2011 U.S. Dist. LEXIS 82128, * 1 (C.D. Cal. July 25, 2011). If Plaintiffs lose their home to foreclosure, it will be because they have not made a payment in *over a year*, not because of any Defendant's actions. "[A]llegations that plaintiff would lose his personal residence if a nonjudicial foreclosure sale occurred were insufficient to plead loss of property. *Id*. This Court has further held that even if a foreclosure sale has already occurred, thus establishing loss of property, a plaintiff nevertheless lacks standing if he cannot causally link the defendant's conduct to that loss." *Ford v. Lehman Bros. Bank, FSB*, 2012 U.S. Dist. LEXIS 85600, 25-26 (N.D. Cal. June 20,

1  2012).

2  Plaintiffs lack standing to assert a claim under the UCL had have alleged no
3  predicate unlawful, unfair or fraudulent act upon with a UCL claim could be based.
4  Thus Defendants' Motion for Summary Judgment should be granted.

### 3. **Plaintiffs are Not Entitled to an Accounting.**

6  Plaintiffs' third cause of action is for an accounting. Plaintiffs have concluded
7  that the amount stated on the face of the 2012 NOD is incorrect, without stating any
8  facts concerning how they have arrived at this conclusion. UMF 24 [Complaint ¶
9  44]. Homeward's records showed that Plaintiffs were in default in the amount stated
10 on the NOD, and they have become even more delinquent since the filing this Action,
11 since their failure to make their required payments has continued during this
12 litigation.

13 In order to proceed to trial on Plaintiffs' accounting claim, they will have to
14 establish the following: "(1) the relationship between a plaintiff and defendant, such
15 as a fiduciary relationship, calls for an accounting, and (2) the defendant owes a
16 balance to the plaintiff that is too complicated to calculate without an accounting
17 from the Court." *Ford v. Lehman Bros. Bank, FSB*, 2012 U.S. Dist. LEXIS 85600, *
18 46 (N.D. Cal. June 20, 2012). Here, however, Homeward owes Plaintiffs nothing.
19 Plaintiffs owe Homeward. Second, the accounting should not be found too
20 complicated for the Senior Vice President of a mortgage lender, such as Mr.
21 Ellsworth. UMF 27. There is no need for an accounting. Defendants' Motion for
22 Summary Judgment should be granted as to Plaintiffs' third cause of action for an
23 accounting.

24 Defendants have presented sufficient, admissible evidence which negates some
25 or all of the elements of each of Plaintiffs' claims. In addition, Plaintiffs have no
26 affirmative evidence necessary to establish the existence of any genuine issue of
27 material fact for trial. UMF 23. Therefore, summary judgment should be granted to
28 Defendants on the entire Complaint.

**D.  Summary Judgment in Full or in Part is Appropriate as to Defendants' Affirmative Defenses:  The Complaint Fails to State a Cause of Action as to These Defendants.**

The Complaint was sufficient enough to have likely survived a motion to dismiss because whether or not Defendants complied with Civil Code section 2923.5 is a factual issue that could not have been overcome simply by pointing to the unsworn declaration attached to the 2012 NOD.  On Summary Judgment, however, Plaintiffs will have to come forward with admissible evidence of non-compliance.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The only evidence of non-compliance Plaintiffs have is their own untrue, self-serving allegations.  "[W]hen the nonmoving party relies only on its own declarations to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact."  *Slade v. Baca*, 70 Fed. Appx. 446, 448 (9th Cir. Cal. 2003).  All Plaintiffs could possibly present to this Court in support of their claims is their declaration that the phone never rang and that the mail was never delivered.  Borrowers such as Plaintiffs are free to ignore collection calls and to ignore or refuse US Mail.  When they do so, however, they have not succeeded in evading their responsibilities under the contracts they signed.  Neither have they found the "magic bullet" that allows them to avoid foreclosure and continue to live in their home for free by simply dodging their lender.  In this case, Plaintiffs took no discovery whatsoever from Defendants.  They have no proof at all, aside from their bare, self-serving declarations that Homeward failed to contact them.  There is no need for a trial here.

/ / / / /

/ / / / /



## IV. CONCLUSION

For all of the foregoing reasons, Defendants submit that their motion for summary judgment should be granted in full.

Dated: April 11, 2013

                              SMITH DOLLAR PC

                              /s/Sherrill A. Oates

By _____
    Sherrill A. Oates
    Attorneys for Defendants Homeward
    Residential, Inc. formerly known as
    American Home Mortgage Servicing, Inc.
    and Power Default Services, Inc.

