THE LAW OFFICES OF
JOSEPH R. MANNING, JR., APC
Joseph R. Manning, Jr., Esq. (SBN: 223381)
4667 MacArthur Blvd., SUITE 150
Newport Beach, California 92660
Telephone: (949) 200-8755
Facsimile: (866) 843-8308
Email: info@ManningLawOffice.com

Attorneys for Plaintiffs Samuel D. Ellsworth and Robin Ellsworth

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL D. ELLSWORTH and ROBIN ELLSWORTH,<br><br>Plaintiffs,<br>v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., a business entity form unknown and POWER DEFAULT SERVICES, INC., a business entity form unknown and DOES 1-100, inclusive<br><br>Defendants. | CASE NO. SACV 12-1499 AG (MLGx)<br><br>The Hon. Andrew J. Guilford<br><br>STATEMENT OF GENUINE ISSUES MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT<br><br>Date: June 3, 2013<br>Time: 10:00 a.m.<br>Dept.: 10D<br><br>Local Rule 56-2 |

Plaintiffs Samuel D. Ellsworth and Robin Ellsworth ("Plaintiffs") submit this Separate Statement of Genuine Issues in response to Defendants' Statement of Proposed Uncontroverted Facts and Conclusions of Law with references to supporting evidence, in opposition to the Motion for Summary Judgment, pursuant to Local Rule 56-2.

| MOVING PARTY'S' PROPOSED STATEMENT OF UNCONTROVERTED FACTS | PLAINTIFFS' RESPONSE |
|---|---|
| 1. In 2007, Samuel and Robin Ellsworth ("Plaintiffs") obtained a loan in the amount of $1,500,000.00, secured by a promissory note ("Note") and a deed of trust ("DOT") encumbering their real property located at 1702 La Loma Drive, Lemon Heights, California (the "Property"). | **_Undisputed_**, but immaterial. **_Objection:_** lacks foundation, hearsay and vague. This UF is quoted from Cindi Ellis's declaration, but that source contains no information on how she developed this conclusion. |
| 2. Plaintiffs became delinquent and the first Notice of Default ("NOD") was recorded against the title to their Property on October 16, 2009. | **_Disputed._** This assertion is not supported by any admissible evidence. The NOD was recorded on April 16, 2012. See Def. RJN Exhibit 2. |
| 3. Homeward modified Plaintiffs' loan in 2009. | **_Undisputed._** By virtue of this modification the requirements of §2923.5 were reset because the Plaintiffs were then current on the loan. **_Objection:_** lacks foundation, hearsay and vague. This UF is quoted from Cindi Ellis's declaration, but that source |

1

STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS

| | |
|---|---|
| | contains no information on how she developed this conclusion. |
| 4. Plaintiffs defaulted on the modified loan and made their last payment in early 2012. | **_Disputed._** This assertion is not supported by any admissible evidence. **_Objection:_** lacks foundation, hearsay and vague. This UF is quoted from Cindi Ellis's declaration, but that source contains no information on how she developed this conclusion. |
| 5. Homeward attempted to contact Plaintiffs several times by telephone regarding their default in 2010. | **_Disputed._** This assertion is not supported by any admissible evidence. Defendants did not attempt to contact Plaintiffs by telephone, did not send Plaintiffs first-class letter, did not send Plaintiffs a certified letter or provide a means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14. ) **_Objection:_** lacks foundation, hearsay and vague. This UF is quoted from Cindi Ellis's declaration, but that source contains no information on how she developed this conclusion. |

| | |
|---|---|
| 6. Plaintiff Robin Ellsworth (or her agent) discussed the possibility of a short sale with a Homeward representative. | **_Disputed,_** but immaterial, because even if such discussion took place, the NOD was recorded on April 16, 2012 and the apparent contact did not take place until May 2012. Even if this conversation took place, it was after the NOD was recorded, therefore, Defendants still violated §2923.5 by not initiating contact at least 30 day prior to recording the NOD.<br>(Declaration of Antonio cortes, "Robin Ellsworth's deposition" at page 47; lines 22-23. |
| 7. Homeward attempted to contact Plaintiffs by telephone regarding their default. | **_Disputed._** This assertion is not supported by any admissible evidence. Defendants did not attempt to contact Plaintiffs by telephone, did not send Plaintiffs first-class letter, did not send Plaintiffs a certified letter or provide a means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14. ) |

3
STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS

| | |
|---|---|
| | **Objection:** lacks foundation, hearsay and vague. This UF is quoted from Cindi Ellis's declaration, but that source contains no information on how she developed this conclusion. |
| 8. Homeward called Plaintiffs' home telephone number on November 16, 2011 and left them a message to call back. | **Disputed.** This assertion is not supported by any admissible evidence. Defendants did not attempt to contact Plaintiffs by telephone, did not send Plaintiffs first-class letter, did not send Plaintiffs a certified letter or provide a means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14.) **Objection:** lacks foundation, hearsay and vague. This UF is quoted from Cindi Ellis's declaration, but that source contains no information on how she developed this conclusion. |
| 9. Homeward called Plaintiffs' business number on November 21, 2011 and left a message to call back. | **Disputed.** This assertion is not supported by any admissible evidence. Defendants did not attempt to contact Plaintiffs by telephone, did not send |

4
STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS

|   |   |
|---|---|
|   | Plaintiffs first-class letter, did not send Plaintiffs a certified letter or provide a means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14.) **_Objection:_** lacks foundation, hearsay and vague. This UF is quoted from Cindi Ellis's declaration, but that source contains no information on how she developed this conclusion. |
| 10. Homeward called Plaintiffs' home number on December 1, 13, 16, and 29, 2011 and left a message to call back. | **_Disputed._** This assertion is not supported by any admissible evidence. Defendants did not attempt to contact Plaintiffs by telephone, did not send Plaintiffs first-class letter, did not send Plaintiffs a certified letter or provide a means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14.) **_Objection:_** lacks foundation, hearsay and vague. This UF is quoted from Cindi Ellis's declaration, but that source contains no information on how she developed this conclusion. |

5

STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS

| | | |
|---|---|---|
| | 11. Homeward called Plaintiffs' business number on December 9, 23 and 29, 2011 and left a message to call back. | **_Disputed._** This assertion is not supported by any admissible evidence. Defendants did not attempt to contact Plaintiffs by telephone, did not send Plaintiffs first-class letter, did not send Plaintiffs a certified letter or provide a means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14. ) **_Objection:_** lacks foundation, hearsay and vague. This UF is quoted from Cindi Ellis's declaration, but that source contains no information on how she developed this conclusion. |
| | 12. Homeward called Plaintiffs' cell phone number on December 20, 2011 and left a message to call back. | **_Disputed._** This assertion is not supported by any admissible evidence. Defendants did not attempt to contact Plaintiffs by telephone, did not send Plaintiffs first-class letter, did not send Plaintiffs a certified letter or provide a means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14. ) **_Objection:_** lacks foundation, hearsay and |

|  |  |
|---|---|
|  | vague. This UF is quoted from Cindi Ellis's declaration, but that source contains no information on how she developed this conclusion. |
| 13. Homeward called Plaintiffs' home number on January 11, 17, 18, 19, 20, and 25, 2012 | **_Disputed._** This assertion is not supported by any admissible evidence. Defendants did not attempt to contact Plaintiffs by telephone, did not send Plaintiffs first-class letter, did not send Plaintiffs a certified letter or provide a means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14. ) **_Objection:_** lacks foundation, hearsay and vague. This UF is quoted from Cindi Ellis's declaration, but that source contains no information on how she developed this conclusion. |
| 14. Homeward called Plaintiffs' business number on January 11, 2012 and left a message to call back. | **_Disputed._** This assertion is not supported by any admissible evidence. Defendants did not attempt to contact Plaintiffs by telephone, did not send Plaintiffs first-class letter, did not send Plaintiffs a certified letter or provide a |

7

STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS

| | |
|---|---|
| | means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14.) **_Objection:_** lacks foundation, hearsay and vague. This UF is quoted from Cindi Ellis's declaration, but that source contains no information on how she developed this conclusion. |
| 15. Homeward sent Plaintiffs letters regarding their Loan by first class mail in November and December, 2010. | **_Disputed._** This assertion is not supported by any admissible evidence. Defendants did not attempt to contact Plaintiffs by telephone, did not send Plaintiffs first-class letter, did not send Plaintiffs a certified letter or provide a means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14.) **_Objection:_** lacks foundation, hearsay and vague. This UF is quoted from Cindi Ellis's declaration, but that source contains no information on how she developed this conclusion. |
| 16. Homeward sent Plaintiffs a letter by | **_Disputed._** This assertion is not supported |

8

STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS

| | | |
|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 | certified mail regarding their delinquency in January and February 2012. | by any admissible evidence. Defendants did not attempt to contact Plaintiffs by telephone, did not send Plaintiffs first-class letter, did not send Plaintiffs a certified letter or provide a means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14.) **_Objection:_** lacks foundation, hearsay and vague. This UF is quoted from Cindi Ellis's declaration, but that source contains no information on how she developed this conclusion. |
| 16 17 18 | 17. Homeward caused a Notice of Default to be recorded in April 2012. | **_Undisputed._** |
| 19 20 21 22 23 24 25 | 18. Since this litigation has been pending, Plaintiffs have submitted loan modification applications two separate times. | **Objection.** This material is privileged settlement communication. This fact is immaterial to determining whether Defendants complied with §2923.5 at least 30 days prior to recording the NOD on April 16, 2012. |
| 26 27 28 | 19. Plaintiffs admit that they did not read their mail and they just left it in a pile, | **_Disputed._** This assertion is not supported by any admissible evidence. |

9
STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS

| | |
|---|---|
| unopened. | Defendants did not attempt to contact Plaintiffs by telephone, did not send Plaintiffs first-class letter, did not send Plaintiffs a certified letter or provide a means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14.) |
| 20. *Intentionally left blank.* | |
| 21. Homeward maintains a toll-free number for its borrowers to contact it during regular business hours. | **_Disputed._** This assertion is not supported by any admissible evidence. Defendants did not attempt to contact Plaintiffs by telephone, did not send Plaintiffs first-class letter, did not send Plaintiffs a certified letter or provide a means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14.) |
| 22. Homeward also maintains a web site that includes information concerning foreclosure-avoidance options, a list of financial documents borrowers should collect to enable them to discuss | **_Disputed._** This assertion is not supported by any admissible evidence. Defendants did not attempt to contact Plaintiffs by telephone, did not send Plaintiffs first-class letter, did not send |

10
STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS

| | |
|---|---|
| foreclosure-avoidance options with Homeward; Homeward's toll-free telephone number; HUD's toll-free telephone number to reach a HUD-certified counselling agency. | Plaintiffs a certified letter or provide a means for them to contact Defendants' live representative. (Exhibits "A" and "B", Declarations of Samuel D. And Robin Ellsworth, ¶¶ 9-14. ) |
| 23. Plaintiffs served no discovery whatsoever in this Action. | **_Undisputed_**, but immaterial. |
| 24. Plaintiffs commenced their Action against Defendants by filing their Complaint in the Orange County Superior Court on August 2, 2012. | **_Undisputed_**, but immaterial. |
| 25. Defendants removed the case to the United States District Court for the Central District of California, Orange County Division on September 7, 2012. | **_Undisputed_**, but immaterial. |
| 26. Defendants filed their Answer to Plaintiffs Complaint on September 14, 2011. | **_Undisputed_**, but immaterial. |

11
STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS

| | |
|---|---|
| 27. Plaintiff Samuel Ellsworth is a Senior Vice President of New American Funding, based out of Tustin, California. | **_Undisputed_**, but immaterial. |
| 28. Plaintiff estimates his current gross monthly income at "upwards of 60 maybe $70,000 a month." | **_Undisputed_**, but immaterial. |

2. **ADDITIONAL FACTS**

| ADDITIONAL FACTS | EVIDENCE |
|---|---|
| 1. On April 16, 2012, Defendants recorded a Notice of Default against the Subject Property. | 1. Plaintiffs' Exhibit "1", Declaration Of Samuel and Robin Ellsworth; ¶7. |
| 2. American Home Mortgage Servicing ("AHMSI"), Inc. Did not send Plaintiffs a first-class letter that included the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency. | 2. Plaintiffs' Exhibit "1", Declaration Of Samuel and Robin Ellsworth; ¶11. |
| 3. AHMSI did not attempt to contact | 3. Plaintiffs' Exhibit "1", Declaration |

| | |
|---|---|
| Plaintiffs by telephone at least three times at different hours and on different days. | Of Samuel and Robin Ellsworth; ¶12. |
| 4. AHMSI did not send Plaintiffs a certified letter with return receipt requested. | 4. Plaintiffs' Exhibit "1", Declaration Of Samuel and Robin Ellsworth; ¶13. |
| 5. AHMSI did not provide Plaintiffs with a means of contacting it in a timely manner, which included a toll-free telephone number that provided access to a live representative during business hours. | 5. Plaintiffs' Exhibit "1", Declaration Of Samuel and Robin Ellsworth; ¶15. |

Dated: May 13, 2013

                LAW OFFICES OF JOSEPH R. MANNING, JR., APC

                By  /s/Joseph R. Manning, Jr.
                    Joseph R. Manning, Jr.
                    Attorneys for Plaintiffs

STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is 4667 MacArthur Blvd., Suite 150, Newport Beach, California 92660

On the date below, I served a copy of the following document(s):

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE, PLAINTIFFS' OBJECTIONS TO THE DECLARATIONS OF CINDI ELLIS AND ANTONIO CORTES, AND PLAINTIFFS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS** on all interested parties in said case addressed as follows:

**Served Electronically via Court's CM/ECF System:**

*Attorneys for Defendant*
Antonio L. Cortes
SMITH DOLLAR PC
404 Mendocino Avenue, Second Floor
Santa Rosa, CA 95401
ACORTES@SMITHDOLLAR.COM

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

This declaration is executed in Newport Beach, California, on **May 13, 2013.**

Tina Mehrazar